DOUCET, Judge,
dissenting.
I respectfully dissent from the majority opinion in this matter. Particularly, I disagree with the conclusions drawn from the difference between C.C.P. article 2166 and C.Cr.P. article 922. In revising C.C.P. art. 2166, the Legislature expressly stated that Court of Appeal judgments in civil cases become final upon the Supreme Court’s denial of a timely filed writ application. The Legislature made no provision one way or the other with regard to applications for writs made to the Supreme Court in criminal cases. However, the revision comment to C.Cr.P. art. 922 states that:
“There is no reason why the rules governing finality of judgments on appeal in criminal cases should be different from the rules in civil cases; therefore, this article conforms with the provisions of C.C.P. Arts. 2166 and 2167, with the exception that provisions dealing only with civil matters are omitted.”
Further, in the absence of a specific provision governing the finality of a Court of Appeal’s judgment pending applications for writs to the Supreme Court in criminal cases, La.C.Cr.P. art. 3 applies:
“Where no procedure is specifically prescribed by this Code or by statute, the court may proceed in a manner consistent with the spirit of the provisions of this Code and other applicable statutory and constitutional provisions.”
In this case the more consistent procedure, in light of the comment following C.Cr.P. art. 922, is to suspend the finality of the judgment pending the consideration by the Supreme Court of the writ application. Accordingly, the conviction and sentence should be affirmed.